UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JOSE ALBERTO OCHOA, and NORA
CELENA OCHOA,

        NO. 2:09-cv-2669 FCD EFB

     Plaintiffs,

    v.                   ORDER

DIABLO FUNDING GROUP, INC.;
WASHINGTON MUTUAL DEUTSCH
BANK; JP MORGAN CHASE BANK;
CALIFORNIA RECONVEYANCE
COMPANY; CASA & HIPOTECAS;
GUILLERMO CHAVEZ; and DOES 1-
20, et al.,

     Defendants.

----oo0oo----

    This matter is before the court on plaintiffs' motion for a temporary restraining order seeking court order preventing the foreclosure sale of their residential property on November 2, 2009.  Defendant JP Morgan Chase Bank ("Chase") opposes the motion.

    Jurisdiction is a threshold inquiry before the adjudication of any case before the court.  See Morongo Band of Mission

Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380
(9th Cir. 1988).  Plaintiffs have filed a pending motion to
remand, contesting the court's jurisdiction, and, in their
briefing in support of a temporary restraining order, continue to
argue that this case was improperly removed from the state court.
Without jurisdiction, this court cannot adjudicate the merits of
this case or order any relief.  See id. ("If the district court
had no jurisdiction over the subject matter, the action should
have been dismissed, regardless of the parties' preference for an
adjudication in federal court.").

     The case was removed on September 23, 2009 from the Superior
Court of California, County of Yolo, to the United States
District Court for the Eastern District of California by
defendant Chase under 28 U.S.C. §§ 1441 based on federal question
jurisdiction.  Plaintiffs' complaint alleges causes of action for
fraud, misrepresentation, negligence per se, unfair business
practices, and injunctive relief.  Defendant removed the case,
asserting that plaintiffs also asserted violations of federal
statutes, including the Truth in Lending Act ("TILA"), 15 U.S.C.
§ 1601 et seq., and the Real Estate Settlement Procedures Act
("RESPA"), 12 U.S.C. § 2601 et seq., as well as related federal
regulations through their state law claims.  While plaintiffs
only allude to their arguments relating to improper removal in
their briefing, in their pending motion to remand, plaintiffs
contend that the complaint only brings claims under state law
theories and the federal statutes are cited only "as a standard
by which to measure defendants' alleged misconduct."  (Pls.' Mot.
to Remand [Docket #7], filed Oct. 14, 2009, at 5.)

1    "The presence or absence of federal question jurisdiction is
2    governed by the 'well-pleaded complaint rule,' which provides
3    that federal jurisdiction exists only when a federal question is
4    presented on the face of the plaintiff's properly pleaded
5    complaint."   Sacramento Metropolitan Air Quality Management Dist.
6    v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).   Federal
7    jurisdiction may also lie if "it appears that some substantial
8    disputed question of federal law is a necessary element of one of
9    the well-pleaded state claims."   Rains v. Criterion Sys., Inc.,
10   80 F.3d 339, 345 (9th Cir. 1996) (quoting Franchise Tax Bd. of
11   California v. Construction Laborers Vacation Trust for Southern
12   California, 463 U.S. 1, 13 (1983).   However, "[w]hen a claim can
13   be supported by alternative and independent theories – one of
14   which is a state law theory and one of which is a federal law
15   theory – federal question jurisdiction does not attach because
16   federal law is not a necessary element of the claim."   Id.
17   (holding that the plaintiff's wrongful discharge claim did not
18   give rise to federal question jurisdiction because it could be
19   supported by violations of the state law constitution, not only
20   violations of a federal statute); Lippit v. Raymond James Fin.
21   Servs., Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (holding that
22   California unfair competition law claims did not give rise to
23   federal question jurisdiction because such claims are based on
24   unfair or fraudulent conduct generally, and not necessarily
25   violations of federal rules and regulations); Mulcahey v.
26   Columbia Organic Chemicals, 29 F.3d 148. 153 (4th Cir. 1994)
27   (holding that negligence action alleging violations of local,
28   /////

state, and federal environmental laws did not confer federal

question jurisdiction).

In this case, plaintiffs' claims do not rely solely on

violations of federal law.  Specifically, in their first cause of

action for fraud, plaintiffs allege that "[t]he fraudulent scheme

described herein perpetrated by defendants, and each of them,

violated plaintiffs' rights under Federal and *state* law and

regulations."  (Compl., attached to Notice of Removal, filed

Sept. 23, 2009, ¶ 22) (emphasis added).  Similarly in their third

cause of action for negligence, plaintiffs allege that

defendants' failure to make certain disclosures "constitute[d]

negligence in violation of Federal and *state* law" and that the

alleged negligent conduct demonstrates "predatory lending

practices prohibited by Federal and *state* laws and regulations."

(Compl. ¶¶ 36-37) (emphasis added).[1]  As such, resolution of the

potential federal issues raised in the complaint is not

essential, and thus, determination of federal law is not a

necessary element of one of the well-pleaded state claims.  <u>See</u>

<u>Christianson v. Colt Industries Operating Corp.</u>, 486 U.S. 800,

810 (1988) ("[A] claim supported by alternative theories in the

complaint may not form the basis for [federal] jurisdiction

unless [federal] law is essential to each of those theories.").

Because the court does not have federal question

jurisdiction over plaintiffs' claims,[2] the court REMANDS this

---

[1]    Neither plaintiffs' second nor fourth causes of action
reference any federal statutes or regulations.

[2]    Defendant raises no basis for removal based upon
(continued...)

4

1  action back to the Superior Court of California, County of Yolo.

2      IT IS SO ORDERED.

3  DATED: October 29, 2009

4
                                    _____
5                                   FRANK C. DAMRELL, JR.
                                    UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 _____

28  [2](...continued)
   diversity jurisdiction in its Notice of Removal.